### E. M. BOUTWELL v. MEDLING MILLING COMPANY.

Decided March 7, 1908.

**Master and Servant—Assault and Battery—Pleading.**

A petition which alleged that an assault and battery was committed upon plaintiff by defendant's servants, by the express or implied authority of the defendant, states a good cause of action. In considering a demurrer, the allegations of the pleading must be taken as true. If the master authorizes his servant to commit an unlawful act, whether beneficial to the master or not, the master is liable.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*J. P. Copeland, F. M. Kemp, J. P. Yates* and *H. L. Carpenter,* for appellant.

*Bennett & Jones* and *H. C. Connor,* for appellee.—A corporation is not liable for the results of the willful, wrongful acts of it's servants done entirely outside of the scope of their employment and not in furtherance of its business nor for its benefit. International & G. N. Ry. v. Anderson, 82 Texas, 516; International & G. N. Ry. v. Cooper, 88 Texas, 607; Galveston H. & S. A. Ry. v. Henefy, 18 Texas Ct. Rep., 407; Woods Law on Master and Servant, 2d ed., sec. 279, 280, 281, 285.

In order to constitute one a wrong doer by ratification the original act must have been done in his interest or been intended to further some purpose of his own. Willingham v. Russell, 73 Texas, 54; Wood on Master and Servant, 2d ed. sec. 310.

RAINEY, CHIEF JUSTICE.—Appellant brought this suit against the appellee to recover damages for an alleged assault in whipping and otherwise injurying him by its servants. Defendant interposed general and special exceptions to the petition, which exceptions were sustained and the cause dismissed, from which action of the court this appeal is taken.

Plaintiff's first amended petition reads, omitting the formal parts, as follows: "That plaintiff is a resident citizen of Hunt County, Texas; that defendant is a corporation incorporated under the laws of Texas, engaged in owning and operating a flouring mill, and having a place of business in the town of Wolfe City in said County and State; and that now and at the time hereinafter alleged, J. H. Blocker, residing at said town of Wolfe City, was its president, F. M. Rogers was its general manager, secretary and treasurer, R. C. King was its local manager and Troy Lawson was its miller, foreman or superintendent, said Rogers, King and Lawson each having authority from defendant to operate its said mill and to employ and discharge servants for the operation thereof, and to direct, superintend and control on behalf of defendant, the said servants as fully as could the defendant itself. That on to wit, 5th day of November, 1906, the plaintiff was employed by defendant's said agents, King and Lawson, or one of them, as

night engineer in said mill, and was so employed and engaged in the performance of his duties thereunder, on to wit, November 10, 1906. That for a long time prior to said date it had been a custom or rule of defendant's manager and miller or superintendent, and its other employes in said mill, to whip servants employed by defendant in said mill at the time of, or soon after, their employment, which custom was known to, acquiesced in and assented to and ratified by defendant, or by the exercise of ordinary care would have been known to defendant, and had thereby become and was one of the rules permitted by defendant to be in force and used in said mill by defendant's said foreman or superintendent and other employes engaged in operating said mill, and defendant's said servants were thereby impliedly authorized by it to whip such servants as aforesaid. That on to wit, 10th day of November, 1906, while plaintiff was in discharge of the duties of his said employment in said mill defendant's aforesaid miller or foreman and other employes and agents, acting with the express or implied authority of defendant, and under and in accordance with the rule and custom aforesaid, set upon, whipped, wrenched and strained plaintiff, and injured him as hereinafter alleged. That the permitting by the defendant of said rule and custom to be in force at its said mill aforesaid, was a failure on the part of defendant to exercise ordinary care for the safety of plaintiff. That in so attempting to whip plaintiff, seven or eight of said servants seized him by the shoulders, limbs, head and body, wrenched, twisted and strained his head, neck, back, shoulders and legs, and especially the spinal column, muscles, tendons, ligaments and nerves of the back, and wrenched, sprained and fractured the left eighth, ninth, tenth and eleventh ribs, and bruised and lacerated the left kidney, and the tendons, ligaments, muscles, membranes and nerves of and around the kidney, as well as bruising and injuring some other internal organ, or organs, of the region of the kidneys, the exact internal organ so injured and the nature of the injury being to plaintiff unknown; and also straining and bruising the great sciatic nerve in his left leg so that it has become chronically irritated and the use of said leg permanently impaired and seriously and permanently impairing and diseasing the organs and members aforesaid, and the functions thereof, and all of which injuries and conditions are permanent." Then the petition sets forth the nature of his injuries and alleges his damages at $15,000.

After exceptions were sustained to said amended petition, plaintiff filed a trial amendment, the charging part being as follows: "That the custom of the defendant's manager and superintendent and other employes mentioned in said first amended petition, was at the time of plaintiff's said injuries, and had been for many years prior thereto, in use and in force by said manager and superintendent, in the operation of said mill; that said Rogers, Blocker and King were each corporate officers of the defendant, and were each and all invested by defendant corporation with full power and authority to operate said mill, and to attend to the corporate business of said defendant, and acting in said capacity on behalf of defendant, said superior corporate officers, and each of them had long since known of, ratified, assented to, authorized and adopted the aforesaid custom, and made it thereby a rule of de-

fendant corporation, in the operation of said mill. Plaintiff further says that he relies on each and every allegation of said amended petition, and prays judgment as therein."

In considering a demurrer the allegations of the petition must be taken as true. The petition alleges an assault and battery upon plaintiff by defendant's servants, which assault was committed by the express or implied authority of the defendant. The master is not liable for a wrongful act done by his servant, unless authorized by him, or done while the servant is acting within the scope of his employment. When a servant turns aside from the duties of his employment and commits a wrong, to further his own pleasure or gratify his own whim, in no way connected with or beneficial to his master's business, no liability rests on the master for the wrongful act. It is unlawful to commit an assault and battery and the master would not be liable for the acts of his servants in committing such assault, unless done with his authority. If the master authorizes his servant to commit an unlawful act, whether beneficial to him or not, the master is liable for such act.

The petition alleging that the assault was authorized by the milling company, stated a good cause of action, and the trial court erred in sustaining the demurrers. The judgment is reversed and cause remanded.

*Reversed and remanded.*